IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-CV-00826-RPM

NAVAJO HOUSING AUTHORITY,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
SHAUN DONOVAN, Secretary of Housing and Urban Development;
DEBORAH A. HERNANDEZ, General Deputy Assistant Secretary for Public and Indian Housing; and
GLENDA GREEN, Director, Office of Grants Management, Office of Native American Programs,

    Defendants

---

FINDINGS AND CONCLUSIONS AND
ORDER FOR JUDGMENT

---

On April 22, 2008, Plaintiff Navajo Housing Authority ("Navajo" or "the Tribe") filed this action for judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., claiming that the Defendants (collectively "HUD") violated the Native American Housing Assistance and Self-Determination Act of 1996 ("NAHASDA"), 25 U.S.C. § 4101 et seq., by reducing the number of housing units counted as Formula Current Assisted Stock ("FCAS") for the calculation of the Tribe's share of the annual Indian Housing Block Grant ("IHBG") and recapturing IHBG funds which the Tribe had received in past years. Navajo filed an amended

complaint on November 3, 2008, and an amended/supplemental complaint for declaratory and injunctive relief on September 7, 2010.

The Administrative Record ("AR") was filed on November 26, 2008.

Jurisdiction is provided by the APA and by 28 U.S.C. §§ 1331, 1346 and 1362. The Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201, and jurisdiction to grant injunctive relief pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2202.

This action is governed by the version of NAHASDA that existed before it was amended by the Native American Housing Assistance and Self-Determination Reauthorization Act of 2008, Pub. L. No. 110-411, 122 Stat. 4319 (2008). Legal issues common to this action and related actions were determined in two previous memorandum opinions and orders in *Fort Peck Housing Authority v. HUD et al.*, Civil Action No. 05-cv-00018-RPM, dated August 31, 2012, and March 7, 2014.

The order dated March 7, 2014 required the plaintiffs in the coordinated actions to submit proposed forms of judgment, specifying the amounts to be paid to each tribe or tribal housing entity and the asserted sources of payment. On March 26, 2014, HUD moved for the establishment of scheduling orders, requesting additional briefing before entry of any final judgments.

On April 15, 2014, Navajo responded to HUD's motion and submitted Navajo's proposed judgment. Navajo has identified the challenged agency actions and the factual and legal support for the requested relief. It is assumed that Navajo has abandoned claims to any form of relief not identified in its proposed judgment.

Navajo challenges the following agency actions, which are evident from the Administrative Record:

In a letter dated January 11, 2008, HUD informed Navajo that the Tribe had received grant overfunding in fiscal years ("FY") 1998 through 2006 in the amount of $6,165,842 for mutual help units that HUD considered ineligible for funding under the FCAS component of the IHBG allocation formula.[1] HUD's letter proposed that Navajo repay that amount through a deduction from Navajo's IHBG for FY 2008.

HUD's January 11, 2008 letter referenced its earlier letters to Navajo dated April 28, 2006, July 6, 2006, and November 9, 2006.[2] In those letters, HUD sought the repayment of $5,674,466, stating that Navajo had "incorrectly received funding for 2,991 MH [Mutual Help] units in FY 1998 through FY 2006."[3] HUD's January 11, 2008 letter advised Navajo that HUD had made errors in its original count of over-funded units and adjusted the repayment amount to $6,165,842.

Navajo refused to voluntarily repay the amount demanded by HUD. HUD reduced the amount of Navajo's FY 2008 grant by the sum of $6,165,842.[4] HUD did not provide any form of hearing to Navajo before it implemented that recapture.

---

[1] Navajo Administrative Record ("AR") Vol. 3, Tab 80 at AR001331-33.

[2] *See* AR Vol. 3, Tab 66 at AR000927-1010 (letter dated April 28, 2006 and enclosures); AR Vol. 3, Tab 68 at AR001011-1095 (letter dated July 6, 2006 and enclosures); AR Vol. 3, Tab 72 at AR001121-1208 (letter dated November 9, 2006 and enclosures).

[3] AR Vol. 3, Tab 72 at AR001121.

[4] *See* Navajo Nation Fiscal Year FY 2008 IHBG Allocation and Formula Data, AR Vol. 3, Tab 85 at AR001347.

In a letter dated February 27, 2008, HUD demanded repayment from Navajo of the additional sum of $1,333,447 for housing units included in Navajo's FCAS for FY 2007 that HUD contended should not have been included.[5] HUD has not recaptured that amount because HUD agreed to suspend further recaptures during the pendency of this action. The Plaintiff states that HUD has not withdrawn its demand for repayment of the additional $1,333,447.

After this action was filed, Navajo moved for a preliminary injunction, seeking an order directing HUD to set aside the sum of $6,165,842 (the amount recaptured from Navajo's FY 2008 grant). On October 9, 2008, this Court entered an Order directing HUD "to set aside all unreserved IHBG funds that could have been distributed through the FY 2008 regulatory formula ...up to $5,121,456" to be available "if the Court subsequently orders HUD to provide them for the Plaintiff under federal law."[6] The Plaintiff states that HUD has set aside the sum of $5,121,456 pursuant to that order.

Navajo now seeks restoration of $6,165,842, claiming that HUD's withholding of that amount was illegal according to this Court's prior rulings. Navajo also seeks injunctive relief regarding future recaptures.

In reply, HUD states that because Navajo has limited the scope of requested relief and identified the challenged agency actions, no further briefing by HUD is necessary. HUD's motion for scheduling order is moot.

As explained in this Court's prior rulings, HUD was statutorily obligated to provide the Plaintiff with notice and an opportunity for an administrative hearing to be entitled to the

---

[5]AR Vol. 3, Tab 82 at AR001339-45.

[6]Order dated Oct. 9, 2008 [#16].

recapture remedy. In addition, HUD's recapture authority was limited by the applicable version of 24 C.F.R. § 1000.532, which provided that "grant amounts already expended on affordable housing activities may not be recaptured or deducted from future assistance provided on behalf of an Indian tribe." HUD did not follow the procedures required by the pre-amendment version of NAHASDA and failed to observe the limitations on its recapture authority.

HUD does not deny that the facts of the challenged agency action fit within the law set out in the Court's orders.

HUD's reply preserves its prior arguments that the agency had authority independent of NAHASDA to recover grant overpayments that resulted from erroneous formula unit data; that the monetary relief sought is not available under 5 U.S.C. § 702; that any procedural error was harmless, and the only appropriate remedy would be to remand to HUD for a hearing and decision in the first instance. Those arguments were rejected in this Courts' Memorandum Opinions and Orders dated August 31, 2012 and March 7, 2014.

In Section III of its reply, HUD argues that Navajo has not shown prejudice from the lack of an administrative hearing, asserting that HUD found that many of the housing units Navajo counted in its FCAS had been conveyed. In support of that contention, HUD cites its letter to Navajo dated April 28, 2006 and the enclosed schedule which listed housing units and information pertaining to the FCAS eligibility of those units.[7]

Navajo moved to strike Section III of HUD's reply, arguing that HUD's arguments about prejudice have been rejected by this Court. Navajo also points out that HUD's subsequent letter dated January 11, 2008 acknowledged that HUD's April 26, 2006 letter contained errors.

---

[7]AR Vol. 3, Tab 66 at AR000950-AR001008.

The Plaintiff's motion to strike is granted. The Plaintiff has not conceded the accuracy of HUD's determinations about the Tribe's FCAS. Facts underlying HUD's determinations should have been addressed at the hearing which HUD should have provided. HUD had no authority to recapture grant funds that it had already awarded to Navajo without following the procedures required by the pre-amendment version of NAHASDA. Navajo has established that it is entitled to restoration of recaptured funds in the amount of $6,165,842.

Accordingly, it is

ORDERED that the Defendants' motion for scheduling order [#73] is moot; and it is

FURTHER ORDERED that the Plaintiff's motion to strike [#81] is granted, and it is

FURTHER ORDERED that the Defendants shall restore to Plaintiff Navajo Housing Authority the amount of $6,165,842 for Indian Housing Block Grant ("IHBG") funds that were illegally recaptured from Plaintiff Navajo. Any such restoration shall be in addition to the full IHBG allocation that would otherwise be due to the Plaintiff under the Native American Housing Assistance and Self-Determination Act ("NAHASDA") in a given fiscal year as calculated without application of the amount of the Judgment; it is

FURTHER ORDERED that the Defendants shall make restoration of the IHBG funds from all available sources, including the funds set aside for the benefit of Plaintiff Navajo pursuant this Court's Order dated October 9, 2008 in the amount of $5,121,456; and either or both of the IHBG funds carried-forward from previous fiscal years and the IHBG funds appropriated in future grant years; it is

FURTHER ORDERED that the transfer of the grant funds set aside for Plaintiff Navajo

pursuant to this Court's order dated October 9, 2008 shall occur within 30 (thirty) days of the date of the Judgment, and restoration of the remaining amount required by this Judgment shall be completed and Defendants shall implement restoration of the funds by making adjustments to the Plaintiff's IHBG allocation(s) no later than 18 (eighteen) months from the date of the Judgment; it is

FURTHER ORDERED that with respect to grant funding for those fiscal years from FY 1997 through and including FY 2008, the Defendants shall refrain from threatening to or implementing any recapture of IHBG funds from the Plaintiff and shall not act upon any threatened recapture without first complying with the requirements of Section 401(a) of the NAHASDA [25 U.S.C. § 4161(a)] as that subsection existed prior to the effective date of Public Law 110-411, and it is

FURTHER ORDERED that the Plaintiff is awarded its costs to be taxed upon the filing of a Bill of Costs pursuant to D.C.COLO.LCivR 54.1.

Date:   June 30, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge